IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ISRAEL LOPEZ § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO._____ |
| § | JURY DEMANDED |
| STARSTONE NATIONAL § | |
| INSURANCE COMPANY f/k/a § | |
| TORUS NATIONAL INSURANCE § | |
| COMPANY and NICHOLAS § | |
| WILSON, § | |
| Defendants. § | |

**DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Starstone National Insurance Company f/k/a Torus National Insurance Company (hereinafter Starstone), in Cause No. C-3935-16-D, pending in the 206th District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1 On or about August 22, 2016, Plaintiff filed his Original Petition in the matter styled *Israel Lopez v. Starstone National Insurance Company f/k/a Torus National Insurance Company and Nicholas Wilson* in the 206th District Court of Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy.

1

1.2 Plaintiff asserts claims against Nicholas Wilson, the adjuster assigned to Plaintiff's claim.

1.3 Plaintiff served Starstone with process and Plaintiff's Original Petition on August 29, 2016.

1.4 Plaintiff's Original Petition states that he "suffered a significant loss with respect to [his] property as a result of wind and/or hail" on December 26, 2015. *See* Pl.'s Original Pet. at ¶¶ 9-10.

1.5 The Plaintiff filed a claim with Starstone "for wind and/or hail damage to the dwelling and contents of the home." *See id.* at ¶ 10.

1.6 The Index of Matters Being Filed is attached as Exhibit A to this notice of removal. A copy of the Hidalgo County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders. The Designation of Counsel is attached as Exhibit C. The Consent to Removal is attached as Exhibit D. Affidavit of R. Travis Miller is attached as Exhibit E.

## II. BASIS FOR REMOVAL

2.1 Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2 At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas. *See* Pl.'s Original Pet. at ¶ 2.

2.3 Defendant Starstone is incorporated as a New Jersey-domiciled insurance company, and has its principal place of business in New Jersey. Accordingly, Starstone is not a citizen of Texas.

2.4     Defendant Nicholas Wilson is a citizen of the State of Texas, but is not a proper party to this lawsuit.

**A.     Complete diversity exists between Plaintiff and Starstone because Defendant Nicholas Wilson has been improperly joined in this lawsuit.**

2.6     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim. *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.7     "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and, thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

  2.8 Here, Plaintiff fails to offer any specific facts to support his claims against Defendant Nicholas Wilson and has therefore failed to secure the required "factual fit between [his] allegations and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). In his Original Petition, Plaintiff alleges that Starstone issued a homeowner's policy to him covering his home in Mission, Texas, and that his home suffered wind and/or hail damage as a result of a storm on December 26, 2015. *See* Pl.'s Original Pet. at ¶¶ 8-10. Plaintiff's singular allegation against Wilson, alone, was that Wilson "represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they did not exceed the deductible." *See id.* at ¶ 12. The remainder of Plaintiff's allegations are directed at both Starstone and Wilson (referred to collectively as Defendants), including that Defendants (1) "failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage"; (2) improperly paid the claim "by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff"; (3) "failed and refused to

4

pay the full proceeds of the policy," despite "due demand" by Plaintiff; (4) misrepresented that "the damage to the property was not in excess to the amount paid"; (5) failed to make an attempt to fairly settle the claim; (6) failed to explain and/or communicate with Plaintiff about the reasons full payment would not be made; (7) failed to timely communicate its decision to Plaintiff; (8) failed to make a reasonable investigation of the property; (9) failed to timely acknowledge Plaintiff's claim and begin an investigation once the claim was made; (10) failed to accept or deny the full and entire claim once they received all required information; (11) delayed payment of Plaintiff's claim; and (12) refused to pay Plaintiff's claim in full with no basis upon which a reasonable insurance company could rely to deny full payment. *See id.* at ¶¶ 12-23. Plaintiff alleges that Defendants' "misrepresentation of damages . . . forced [him] to cover all the cost of repairs out of pocket" and that Defendants' acts and omissions forced him to retain the services of the attorneys representing them. *See id.* at ¶ 12, 24. Plaintiff's allegations against Wilson do nothing more than track the statutory language of his Insurance Code causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts. *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (denying plaintiff's motion to remand, holding that the plaintiff's unspecific allegations against the defendant adjuster essentially amounted to legal conclusions and that allegations simply tracking statutory language were insufficient without any case-specific facts).

    2.9    In connection with the foregoing allegations, Plaintiff then makes claims against both Defendants under the Texas Insurance Code, including claims for intentional violations of the Texas Unfair Competition and Unfair Practices Act (TUCUPA) and the

5

Texas Prompt Payment of Claims Act (TPPCA). Without differentiating between the conduct of Starstone and Wilson, Plaintiff alleges that Defendants violated the TUCUPA by committing unfair settlement practices such as: (1) misrepresenting material facts to Plaintiff regarding his coverage; (2) failing to make a good-faith attempt to effectuate a prompt, fair, and equitable settlement; (3) failing to promptly provide Plaintiff with a reasonable explanation of their settlement offer; (4) failing to affirm or deny coverage within a reasonable time or to submit a reservation of rights; and (5) refusing to pay Plaintiff without conducting a reasonable investigation.[1]  *See id.* at ¶¶ 29-34.  And again, without differentiating between Starstone and Wilson, Plaintiff alleges that Defendants violated the TPPCA by: (1) failing to acknowledge their receipt of Plaintiff's claim and request all necessary information from Plaintiff; and (2) delaying payment of Plaintiff's claim.  *See id.* at ¶¶ 35-37.  But merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case.  *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[2]  Moreover, the

---

[1] Plaintiff also makes claims against Starstone, alone, for breach of contract, breach of the duty of good faith and fair dealing, and DTPA violations based on its tie-in provisions with the Insurance Code.

[2] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and identical to the

alleged Insurance Code violations asserted against Wilson are entirely indistinguishable from the Insurance Code violations alleged against Defendant Starstone. *See* Pl.'s Original Pet. at ¶¶ 29-34, 35-37.  Courts in the Southern District of Texas have held that when the claims against an adjuster are identical to those against the insurer, they are insufficient to support a claim against the adjuster.  *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." (internal citations omitted)).

2.13   In sum, none of Plaintiff's allegations involve conduct specifically attributable to Wilson, and Plaintiff's factual allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim.  *See Twombly*, 550 U.S. at 445.  The Plaintiff's failure to allege any specific facts concerning Wilson's involvement means that Plaintiff did not "'state enough facts to state a claim for relief that is plausible on its face.'"  *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570).  And in the absence of such factual allegations, "'there is no reasonable basis for the district

---

claims against the insurance carrier.  *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

7

court to predict that [P]laintiff might be able to recover against'" Wilson. *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47). Wilson is an improper party to this lawsuit and should be dismissed by the Court.

      2.14    Because Starstone, a foreign defendant, is the only proper defendant in this action, there is complete diversity between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.**    **The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

      2.15    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

      2.16    Here, Plaintiff's claims are centered on the alleged failure to pay the full proceeds of Plaintiff's policy, which payment Plaintiff claims was necessary to make repairs to his property. On August 2, 2016, counsel for Plaintiff sent Defendants a letter in which he demanded payment of $27,455.00 in economic damages, $25,000.00 in consequential damages, and $20,000.10 in expenses, including attorney's fees. *See* Ex. E & E-1, Verification & attachment thereto. This demand totaled $72,455.10. *See id.* In his demand letter, counsel for Plaintiff noted that his fees "would increase as this case develop[ed]" and that the demand presented Defendants with "tremendous savings" in lieu of a lawsuit. *See id.* Finally, the letter noted that if Defendants did not submit payment in response to the demand, Plaintiff would file suit and seek to recover damages in addition

8

to those demanded in the letter. *See id.* Indeed, Plaintiff has filed suit and alleges five causes of action against Starstone, including breach of contract, breach of the duty of good faith and fair dealing, violations of the Insurance Code, and violations of the Deceptive Trade Practices Act. *See* Pl.'s Original Pet. at ¶¶ 27-42. In connection with his claims, Plaintiff seeks actual damages, treble damages, mental anguish damages, exemplary damages, and interest and attorney's fees. *See id.* at ¶¶ 45-49. Although Plaintiff does not specify a dollar amount, Plaintiff's suit clearly makes good on his promise to seek damages in excess of his August 2nd demand; Plaintiff's prayer for treble damages, exemplary damages, interest, attorney's fees and costs will undoubtedly increase the amount initially demanded by more than the $2,544.90 necessary to meet the exceeding-$75,000 jurisdictional requirement for removal.

2.17 Because Plaintiff has prayed for damages in excess of $75,000, this case may be properly removed to federal court.

## III. THE REMOVAL IS PROCEDURALLY CORRECT

3.1 Defendant Starstone was first served with Plaintiff's Original Petition and process on August 29, 2016. By filing its Notice on this day, September 28, 2016, Defendant Starstone files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Starstone files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Starstone files this Notice.

### IV.  CONCLUSION

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Starstone National Insurance Company f/k/a Torus National Insurance Company hereby removes this case to this Court for trial and determination.

By:     /s/ Mikell A. West
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEY FOR DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## **CERTIFICATE OF SERVICE**

I certify that on September 28, 2016, a copy of Defendant Starstone Insurance Company f/k/a Torus National Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Israel Lopez.

**Via CM/RRR #7015 0640 0003 8829 7675**
Jason M. Byrd
The Byrd Law Firm, P.C.
448 Orleans
Beaumont, TX 77701
Jason@txbyrd.com

**Via CM/RRR #7015 0640 0003 8829 7699**
Chris Tamez
Tamez & Ortegon, PLLC
1009 East Expressway 83
Pharr, TX 78577
tamezandortegon@gmail.com

    /s/Mikell A. West
    Mikell A. West