Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| **ISRAEL LOPEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **STARSTONE NATIONAL INSURANCE** | § | |
| **COMPANY f/k/a TORUS NATIONAL** | § | |
| **INSURANCE COMPANY and** | § | |
| **NICHOLAS WILSON** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ISRAEL LOPEZ, Plaintiff herein, who files this his Original Petition against the Defendant, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY and NICHOLAS WILSON, and for cause of action would respectfully show the court as follows:

#### A. Discovery Control Plan

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

#### B. Parties

2.      Plaintiff, ISRAEL LOPEZ, is an Individual who resides in Hidalgo County, Texas.

3.      Defendant STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

DATE 9/26/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#14

**EXHIBIT**
B

1

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

4.      Defendant, NICHOLAS WILSON, is a licensed Texas insurance adjuster who may be served with citation via certified mail, return receipt requested at 6801 Calmont Avenue, Fort Worth, TX 76116.

### C. Jurisdiction

5.      The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.      The Court has jurisdiction over Defendants STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY and NICHOLAS WILSON because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.      Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.      Plaintiff was the owner of **Texas Homeowner's Policy number TNI-22835** issued by STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY, Defendant, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 5409 Astro Drive, Mission, TX 78574.

9.      Defendant STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY sold the policy, insuring the property that is the subject

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.     Plaintiff submitted a claim to Defendant with date of loss December 26, 2015 for wind and/or hail damage to the dwelling and contents of the home.

11.     Defendants assigned claim number **TOR-75627** to Plaintiff's claim.

12.     Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant NICHOLAS WILSON represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they did not exceed the deductible. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.

13.     Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.     Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

3

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

15. Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(2).

17. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(3).

18. Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(4).

19. Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct

4

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(7).

20.     Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

21.     Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.056.

22.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

23.     From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

5

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

25.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### F.  Causes of Action

### Causes of Action Against Defendants

26.     Defendant, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act*, and intentional breach of good faith and fair dealing. Defendant, NICHOLAS WILSON, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.     Defendant STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

6

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3935-16-D

## Violations of the Texas Insurance Code

## Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29. Defendants, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY and NICHOLAS WILSON's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

30. Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32. Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

7

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

33.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

### Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

35.     Defendants, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY and NICHOLAS WILSON'S conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

8

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

### Breach of the Duty of Good Faith and Fair Dealing

38.     Defendant STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

39.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

40.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Texas Deceptive Trade Practices Act

41.     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.     At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY. Defendant, STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

        a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.    Advertising goods or services with intent not to sell them as advertised;

d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

g.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h.    Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44.    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, ISRAEL LOPEZ complains of STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY and NICHOLAS WILSON and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

47.     For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48.     For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum postjudgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

49.     For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

11

C-3935-16-D

Electronically Filed
8/22/2016 3:05:41 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas  77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

-AND-

CHRIS TAMEZ
State Bar No. 24033256
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885 Phone
(956) 683-0485 Fax
Email: tamezandortegon@gmail.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Jason M. Byrd

# 1THE BYRD LAW FIRM

HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans
Beaumont, Texas 77701

409.924.0660 Telephone
409.924.0035 Facsimile

August 22, 2016

Laura Hinojosa
Hidalgo District Clerk
P.O. Box 87
Edinburg, Texas 78539

RE: Cause No. C-3935-16-D_____; *Israel Lopez v Starstone National Insurance Company f/k/a Torus National Insurance Company and Nicholas Wilson;* **In the _____ District Court of Hidalgo County, Texas**

Dear Ms. Hinojosa:

Plaintiff hereby demands a Jury Trial.

Sincerely,

Jason M. Byrd
For the Firm

JMB/ms
Enclosures

DATE 9|26|16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

# 1THE BYRD LAW FIRM

HOUSTON I BEAUMONT

Attorneys at Law

www.txbyrd.com

448 Orleans
Beaumont, Texas 77701

409.924.0660 Telephone
409.924.0035 Facsimile

August 22, 2016

Laura Hinojosa
Hidalgo District Clerk
P.O. Box 87
Edinburg, Texas 78539

RE:   Cause No. C-3935-16-D _____; *Israel Lopez v Starstone National Insurance Company f/k/a Torus National Insurance Company and Nicholas Wilson;* **In the _____ District Court of Hidalgo County, Texas**

Dear Ms. Hinojosa:

Please prepare the following citation as follows:

**Starstone National Insurance Company f/k/a Torus National Insurance Company,** by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, via Certified United States Mail, Return Receipt Requested.

**Nicholas Wilson,** by serving him at 6801 Calmont Ave., Fort Worth, Texas 76116, via Certified United States Mail, Return Receipt Requested.

If possible please return the prepared citation to our office via email to misty@txbyrd.com. Our office will secure service through a private process server.

If you have any questions, please feel free to contact our office.

Sincerely,

Jason M. Byrd
For the Firm

/ms
Enclosures

DATE 9/26/16

A true copy/I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy 14

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **C-3935-16-D** _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED ISRAEL LOPEZ VS. STARSTONE NATIONAL INSURANCE COMPANY AND NICHOLAS WILSON
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Jason Byrd

Email: Jason@txbyrd.com

Address: 448 Orleans St

Telephone: 409 924 0660

City/State/Zip: Beaumont, TX 77701

Fax: 409 924 0035

Signature:

State Bar No: 24036303

## Names of parties in case:

Plaintiff(s)/Petitioner(s):

Israel Lopez

Defendant(s)/Respondent(s):

Starstone National Insurance Company And Nicholas Wilson

*[Attach additional page as necessary to list all parties]*

## Person or entity completing sheet is:

- ☒ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

*Marriage Relationship*
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By\_\_\_\_ Deputy



Electronically Filed
8/23/2016 8:53:51 AM
Hidalgo County District Clerk
Reviewed By: Monica Castellanos

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa
Hidalgo County District Clerk

DATE 9/26/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#14

P.O. BOX 87 EDINBURG, TEXAS 78540   districtclerk@co.hidalgo.tx.us   OFFICE (956) 318-2200 FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" | Sabrina S. | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | Garcia ASSISTANT CHIEF DEPUTY | Guerra SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-3935-16-D

## 206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**NICHOLAS WILSON**
**6801 CALMONT AVE.**
**FORTH WORTH, TEXAS 76116**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 22nd day of August, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-3935-16-D.

### ISRAEL LOPEZ V S . STARSTONE NATIONAL INSURANCE COMPANY TFK/A TORUS NATIONAL INSURANCE COMPANY AND NICHOLAS WILSON

Said Petition was filed in said court by ATTY: JASON M. BYRD, 448 ORLEANS STREET, BEAUMONT, TX 77701.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 23rd day of August, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**MONICA E. CASTELLANOS, DEPUTY CLERK**

DATE 9/26/16

A true copy I certify
**LAURA HINOJOSA**
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

C-3935-16-D
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
          miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-3935-16-D

## 206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**STARSTONE NATIONAL INSURANCE COMPANY**
**F/K/A TORUS NATIONAL INSURANCE COMPANY**
**CT CORPATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 22nd day of August, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-3935-16-D.

### ISRAEL LOPEZ V S . STARSTONE NATIONAL INSURANCE COMPANY TFK/A TORUS NATIONAL INSURANCE COMPANY AND NICHOLAS WILSON

Said Petition was filed in said court by ATTY: JASON M. BYRD, 448 ORLEANS STREET, BEAUMONT, TX 77701.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 23rd day of August, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**MONICA E. CASTELLANOS, DEPUTY CLERK**

DATE 9/26/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

C-3935-16-D
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201_____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY f/k/a TORUS NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| NICHOLAS WILSON | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY F/K/A TORUS NATIONAL INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY F/K/A TORUS NATIONAL INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

DATE _9/26/16_

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

b.      that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.      Plaintiff has asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiff's Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

B.      Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.      Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

5.

## PLEA IN ABATEMENT

A.      In Plaintiff's Original Petition, Plaintiff has also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

written notice to the other person not later than the 61st day before the date the action is filed."
TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas
Insurance Code provides that the Court shall abate the action if the Court finds that the claimant
failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

    B.    Defendant has not received adequate written notice in compliance with the
requirements of the Texas Insurance Code.

    C.    Accordingly, Defendant is also entitled to an abatement of these proceedings
pursuant to Chapter 541 of the Texas Insurance Code.

6.

    Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes
a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the
amount of the loss. Specifically, the policy requires that, upon written request, the property must
be appraised by each party's own independent appraiser. In the event of a disagreement in the
appraisal, the differences are submitted to an umpire for determination. Defendant insurance
company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit.
Further, the lawsuit potentially prevented Defendant insurance company from attempting to
resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary.
Defendant insurance company reserves the contractual right to invoke this clause and that the
property be appraised according to the terms of the applicable insurance policy if the parties reach
an impasse. Defendant insurance company has not waived and is not waiving this provision and
may assert it in the future.

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

7.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

8.

### Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

LOPEZ, ISRAEL/SNIC – D OA & PIA – SNIC - PAGE 4 OF 6

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Starstone National
Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the /6.th day of September, 2016, a true and correct
copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Jason M. Byrd
The Byrd Law Firm, P.C.
Email: jason@txbyrd.com

Chris Tamez
Tamez & Ortegon, PLLC
Email: jamezandortegon@gmail.com

**VIA E-FILING**

Thomas F. Nye

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Starstone National Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraphs 4B and 5B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for
Starstone National Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 16th day of September, 2016, to witness my hand and official seal of office.

Notary Public in and for
the State of Texas

DATE  9/26/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#14

LOPEZ, ISRAEL/SNIC – D OA & PIA – SNIC - PAGE 6 OF 6

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY f/k/a TORUS NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| NICHOLAS WILSON | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY F/K/A TORUS NATIONAL INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Starstone National
Insurance Company

DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk Hidalgo County, Texas
By_____ Deputy#14

Electronically Filed
9/16/2016 1:27:49 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 16th day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
James M. Byrd
The Byrd Law Firm, P.C.
Email: jason@txbyrd.com

Chris Tamez
Tamez & Ortegon, PLLC
Email: tamezandortegon@gmail.com

**VIA E-FILING**

Thomas F. Nye

Electronically Filed
9/22/2016 2:34:14 PM
Hidalgo County District Clerks
Reviewed By: Matthew Padron

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY f/k/a TORUS NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| NICHOLAS WILSON | § | 206th JUDICIAL DISTRICT |

### PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Israel Lopez, Plaintiff herein, and files this his Verified Response to Defendant's Verified Plea in Abatement, and in support thereof, would respectfully show unto the Court the following:

### I.
### Background

1.     The instant matter is a property damage insurance case.  This case arises out of an insurance claim filed by Plaintiff against its own insurer, Starstone National Insurance Company f/k/a Torus National Insurance Company, following damage experienced at his property as a result of a wind and/or hail storm.  Plaintiff sent Defendants written notice of complaint on August 2, 2016 and filed suit shortly thereafter.  Plaintiff has brought claims against Defendants for breach of contract, violations of the Texas Insurance Code Chapters 541 and 542, violations of the Texas Deceptive Trade Practices Act, and for breach of the common law duty of good faith and fair dealing.  Plaintiff sent Defendants a DTPA demand letter dated August 2, 2016.  It was received by Defendants on or about August 8, 2016.  Defendant filed its Verified Plea in Abatement on or about September 16, 2016.  Defendant's Verified Plea in Abatement requests that the case be abated until such time that notice is received pursuant to the Insurance Code and Deceptive Trade Practices Act.  Both the DTPA and the Texas Insurance Code provide for a sixty

1

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By _____

Electronically Filed
9/22/2016 2:34:14 PM
Hidalgo County District Clerks
Reviewed By: Matthew Padron

day notice period and therefore abatement is proper. However, since such notice has already been provided, abatement should last no longer than October 7, 2016.

**II.**
**Argument and Authorities**

2.      There is no specifically required form for giving written notice as required by the Texas Deceptive Trade Practices - Consumer Protection Act ("DTPA"). The DTPA only requires that the notice advise the potential defendant in reasonable detail of (1) the consumer's specific complaint; (2) the amount of economic damages; (3) the damages for mental anguish; and (4) the expenses, including attorneys' fees, reasonably incurred in asserting the claim. TEX. BUS. & COM. CODE § 17.505(a). The Texas Insurance Code only requires such notice to (1) make a specific complaint and (2) outline the actual damages and expenses being asserted against the defendant. *See* TEX. INS. CODE § 541.154. Plaintiff's written notice letter does in fact comply with the required elements of both statutes. First, Plaintiffs notice letter lays out Plaintiffs specific complaint of Defendant in three pages of great detail. *See* Exhibit "A". It clearly states that the claim is a result of Defendant's failure to properly handle the claim made by Plaintiff as a result of the storm damage and specifically lists actionable conduct that has been committed by the Defendant. *Id.* Plaintiff even identify numerous provisions of the Texas Insurance Code which were violated by Defendant. *Id.* To meet the requirements of the statutes, the demand letter does not have to say what sections of the DTPA are violated or threaten to file a lawsuit. *Lester v. Logan,* 893 S.W.2d 570, 573 (Corpus Christi 1994, writ denied 907 S.W.2d 452). Second, in order to comply with the statute, Plaintiff must list the amount of economic damages. Plaintiff specifically lists the amount of economic damages in page two of his notice letter. *See* Exhibit "A". Third, under the statute, Plaintiff is required to list the amount of mental anguish damages. Plaintiff has done just that under "consequential damages" listed in this notice letter. *Id.* Finally, in order to comply with the statute, Plaintiff must list the amount of expenses,

2

Electronically Filed
9/22/2016 2:34:14 PM
Hidalgo County District Clerks
Reviewed By: Matthew Padron

including attorney's fees, which Plaintiff has also specifically done and have listed the amount as such. *Id.* As shown above, Defendant's Verified Plea in Abatement is without merit and should be denied.

## III.
### Conclusion

3.     Defendant in its Motion generally requests the case be abated for sixty days and allude to the fact that notice was given. Because adequate notice has been given pursuant to Section 17.505 of the Texas Business and Commerce Code or Section 541.154 of the Texas Insurance Code, the case should be abated, however it should not be abated past October 7, 2016. For these reasons, this Court should partially deny Defendant's Verified Plea in Abatement.

Respectfully submitted,

**THE BYRD LAW FIRM**

*s/Jason M. Byrd*
Jason M. Byrd
State Bar No. 24036303
448 Orleans
Beaumont, Texas  77701
(409) 924.0660/(409) 924.0035 FAX
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, in accordance with the Texas Rules of Civil Procedure this 22nd day of September, 2016.

Thomas F. Nye                                    **VIA ELECTRONIC SERVICE**
Gault, Nye & Quintana, LLP
P.O. Box 5959
Brownsville, Texas 78523

*s/Jason M. Byrd*
Jason M. Byrd



EXHIBIT

A

# THE BYRD LAW FIRM

HOUSTON I BEAUMONT

Attorneys at Law

www.txbyrd.com

448 Orleans
Beaumont, Texas 77701

409.924.0660 Telephone
409.924.0035 Facsimile

August 2, 2016

Starstone National Insurance Company
f/k/a Torus National Insurance Company
c/o Wellington Claims Service, Inc.
P. O. Box 1116
Fort Worth, TX  76101                          **VIA CM/RRR AND REGULAR MAIL**

Nicholas Wilson
6801 Calmont Ave.
Fort Worth, TX  76116                           **VIA CM/RRR AND REGULAR MAIL**

RE:   **Date of Loss:**        **12/26/15**
      **Insured:**             **Israel Lopez**
      **Policy Number:**       **TNI-22835**
      **Claim Number:**        **TOR-75627**
      **Property Address:**    **5409 Astro Drive, Mission, TX  78574**

Dear Sir:

    I am working jointly with Chris Tamez and the law firm of Tamez & Ortegon on behalf of Israel Lopez (hereinafter referred to as "Plaintiff") in connection with his claim for property damage at 5409 Astro Drive, Mission, TX 78574. As you are well aware, Plaintiff made a claim against his Texas Homeowner's Insurance Policy. The claim was made due to substantial exterior and interior damage sustained at the residence on or about December 26, 2015 as a result of wind and hail.

    The claim was timely reported after the damage was discovered and the home was later inspected. During the inspection, **Starstone National Insurance Company and Nicholas Wilson** had the opportunity to visually inspect all of the damage to the interior and exterior of the property in question.

    Additionally, you have full knowledge that pursuant to the subject policy, full coverage exists for damage caused by the wind and hail. Nevertheless, a repair estimate, which minimized the damage to the property was drafted and only minimal payments, if any, were made under the policy despite the extensive damage.

    Undoubtedly, you are aware of your liability to my client under the Texas Insurance Code, which specifically covers the unfair settlement of claims. Specifically, **Starstone National Insurance Company** is liable to Plaintiff for the following violations of the Texas Insurance 541.060.

A True copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By_____Deputy#14

1. Misrepresenting and/or failing to discuss with Plaintiff, pertinent facts or policy provisions relating to coverage as an issue;

2. Failing to acknowledge, with reasonable promptness, pertinent communications with respect to claims arising under its policy;

3. Failing to adopt reasonable standards for prompt investigation of claims arising under its policies;

4. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability had become reasonably clear;

5. Failing to provide promptly to policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement;

6. Failing to affirm or deny coverage of a claim to a policy holder within a reasonable time after proof of loss statements have been completed; and

7. Refusing to pay claims without conducting a reasonable investigation based upon all available information.

Plaintiff is therefore entitled to court costs and attorney's fees, as well as actual damages. Furthermore, since such acts were done knowingly, Plaintiff's damages can be trebled.

**You, NICHOLAS WILSON, are further notified that in accordance with Liberty Mutual Ins. Co. v Garrison Contractors, 41 Sup. Ct. J. 637 (Tex. 1998) you have individual liability separate from that of your employer for violations of the Texas Insurance Code Chapter 541. Therefore, Plaintiff will be seeking damages and compensation from you personally as well.**

The delay in payment to Plaintiff is also in violation of Texas Insurance Code Chapter 542, Sub-chapter B, thus triggering liability on your part to pay the amount of the claim, plus damages consisting of eighteen (18) percent per annum of the amount of the claim, prejudgment interest and reasonable attorney's fees.

Accordingly, on behalf of Plaintiff, demand is hereby made that within sixty (60) days from your receipt of this correspondence that the following amounts be paid:

**$ 27,455.00**   **in economic damages;**
**$ 25,000.00**   **in consequential damages, including but not limited to statutory treble damages; and**
**$ 20,000.10**   **for expenses, including attorney's fees, which you should note, would increase as this case develops.**

Please understand this demand is made in the spirit of compromise. According to our analysis, this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code.

Page 3

If Plaintiff's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover Plaintiff's actual damages, along with damages for consequential damages including but not limited to mental anguish, prejudgment interest, attorneys' fees, and damages for the breach of the duty of good faith and fair dealing you owe Plaintiff. In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

This correspondence will also serve as notification that, pursuant to the Texas Civil Practice and Remedies Code 38.001, et seq., you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Plaintiff. Such payments are a result of Plaintiff's retainment of our legal services to pursue his remedy for damages and would be paid in addition to the amount of a valid claim and costs.

As Plaintiff is anxious to have this matter resolved immediately, we trust you will immediately respond, in writing, to this formal demand letter. From this point forward, I am the only contact for you or your attorney regarding this matter.

If you have any questions regarding this matter or need additional information, please feel free to contact this office. However, please do not contact Plaintiff, either orally or in writing, without prior express written permission.

Sincerely,

Jason M. Byrd
For the firm

JMB/cc



STATE OF TEXAS                        §
                                                          VERIFICATION
COUNTY OF JEFFERSON         §

BEFORE ME, the undersigned Notary Public, personally appeared JASON M. BYRD who, being by me duly sworn on his oath, deposed and said that he has read Plaintiff's Response to Defendant Starstone National Insurance Company f/k/a Torus National Insurance Company's Verified Plea in Abatement and that the statements contained in the foregoing Response are within his personal knowledge and are true and correct.

_____
Jason M. Byrd

SUBSCRIBED AND SWORN TO BEFORE ME on this the 22nd day of September, 2016 by JASON M. BYRD.



_____
NOTARY PUBLIC, STATE OF TEXAS

Electronically Filed
9/23/2016 11:19:22 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| **ISRAEL LOPEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **STARSTONE NATIONAL INSURANCE** | § | |
| **COMPANY f/k/a TORUS NATIONAL** | § | |
| **INSURANCE COMPANY and** | § | |
| **NICHOLAS WILSON** | § | **206th JUDICIAL DISTRICT** |

### ORDER DENYING DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY'S VERIFIED PLEA IN ABATEMENT

Came on to be heard Defendant, Starstone National Insurance Company f/k/a Torus National Insurance Company's Verified Plea In Abatement. After considering the motion, the responses, and the arguments of counsel, the Court is of the opinion that Defendants' Motion should be DENIED.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant Starstone National Insurance Company f/k/a Torus National Insurance Company's Plea in Abatement be and in the same is hereby partially DENIED, and the above-numbered cause of action is ABATED until October 7, 2016.

_____
Presiding Judge

Jason M. Byrd
Jason@txbyrd.com
Attorney for Plaintiff

Thomas F. Nye
tnye@gnqlawyers.com

DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk Hidalgo County, Texas
By_____Deputy#14

Electronically Filed
9/23/2016 11:19:22 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

Attorney for Defendant

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY f/k/a TORUS NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| NICHOLAS WILSON | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT NICHOLAS WILSON'S ORIGINAL ANSWER
## AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NICHOLAS WILSON, Defendant in the above-styled and numbered cause and makes and files this, his Original Answer in reply to Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.     that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

      b.     that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

DATE_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

### PLEA IN ABATEMENT

A.  Plaintiff has asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiff's Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

B.  Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.  Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

5.

### PLEA IN ABATEMENT

A.  In Plaintiff's Original Petition, Plaintiff has also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.   Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.   Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

### Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with his costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show himself entitled to receive.

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
    Thomas F. Nye
    State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Nicholas Wilson

## CERTIFICATE OF SERVICE

    I, Thomas F. Nye, hereby certify that on the 26ᵗʰ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Jason M. Byrd
The Byrd Law Firm, P.C.
Email: jason@txbyrd.com

Chris Tamez
Tamez & Ortegon, PLLC
Email: jamezandortegon@gmail.com

**VIA E-FILING**

_____
Thomas F. Nye

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

## VERIFICATION OF NICHOLAS WILSON

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Nicholas Wilson, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Nicholas Wilson. I am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraphs 4B and 5B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

_____
Nicholas Wilson

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _13_ day of September, 2016, to witness my hand and official seal of office.

SANDRA MAXINE STOLOWSKI
Notary Public, State of Texas
Comm. Expires 08-16-2020
Notary ID 130779754

_____
Notary Public in and for
the State of Texas

DATE 9/26/16
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#14

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-3935-16-D

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY f/k/a TORUS NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| NICHOLAS WILSON | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, NICHOLAS WILSON, Defendant in the above-referenced cause, and

demands a trial by jury. The jury fee has previously been paid by the Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Nicholas Wilson

DATE 9/26/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#14

Electronically Filed
9/26/2016 8:55:46 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 26th day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
James M. Byrd
The Byrd Law Firm, P.C.
Email: jason@txbyrd.com

Chris Tamez
Tamez & Ortegon, PLLC
Email: tamezandortegon@gmail.com

**VIA E-FILING**

Thomas F. Nye